East Tenn., Va. & Ga. Railway Co. *v.* Greene, adm'r.

Where at a regular term of the city court a case, on motion of defendant's counsel, was dismissed upon the ground that the declaration did not set forth a cause of action, and no exception was taken during that term, the city court had no authority at a subsequent term to set aside the judgment of dismissal, even if erroously rendered, and reinstate the case. That judgment being a final adjudication upon the merits of the plaintiff's case, mere error of law in its rendition, in the absence of irregularity, fraud, mistake, providential hindrance or other like cause, could not, after the expiration of the term, be corrected by a motion to reinstate.
November 12, 1894.

Motion to reinstate. Before Judge Westmoreland. City court of Atlanta. January term, 1894.

Dorsey, Brewster & Howell, for plaintiff in error.
R. J. Jordan, *contra.*

ATKINSON, Justice.

Inasmuch as the view we take of the leading question made in this case finally disposes of it, we deem it unnecessary to inquire whether, upon the facts stated in the declaration, the plaintiff had a cause of action. Upon a general demurrer filed to the plaintiff's declaration, upon the ground that the same set forth no cause of action, the court in term, after argument and mature consideration, solemnly adjudged that the demurrer was well taken and that the plaintiff had no cause of action. This judgment was regular in all respects and rendered in accordance with the established rules of practice which prevail in this State. It was a valid subsisting judgment, and conclusive upon the rights of the plaintiff until reversed or set aside in the manner and by the means prescribed by law. If it was the result of an error of judgment upon the part of the presiding judge in considering the merits of the plaintiff's case, the plaintiff should, within the time limited by law, have excepted and brought it to this court for review. Or he might, during the term, have moved the court to set aside the judgment as having been improvidently granted. It may with confidence be stated, that until a final adjournment of the term the court has such control of all judgments thereat as that it may, for any legal reason satisfactory to itself, vacate and set them aside; and it may be stated with equal confidence, with respect to judgments based upon the merits of controversies, that after adjournment the courts lose control and they become conclusive between the parties. Courts cannot at their pleasure reopen questions which have been concluded by solemn adjudication. There must be some point at which *stare decisis* applies, and that point, with respect to a judgment upon the merits, unexcepted to, is the conclusion of the term at which it is rendered. A different rule prevails with respect to irregular and

void judgments.  The latter of course are open to assault anywhere, at any time, by any person with whose right they interfere.   The former may be set aside at the suit of the party affected thereby, at any time within the statute of limitations.

There is still another class of judgments which, after the expiration of the term, are still measurably under the control and within the discretion of the court in which they are rendered.   Among this latter class may be included those judgments which, outside of the merits of controversy, pertain to the rules and are rendered upon formal matters of practice in the several courts. Among this class are to be found judgments directing dismissals for want of prosecution, judgments of default for the want of timely pleading, judgments imposing fines for breaches of decorum, for infraction of the rules of the courts, and numerous other judgments of similar character which are necessary to be rendered in the administration of the ordinary rules of pleading and practice in the courts.   These matters involve, to a great degree, the discretion of the courts, and no imperative statute of limitations is imposed upon motions to vacate them.

There is yet another class of judgments, such as are voidable.   Among these are judgments obtained by fraud, perjury, collusion or mistake.   Such judgment may be set aside at any time upon discovery of the fact upon which it may be impeached.

Bearing in mind this classification of judgments, the decisions of our own, and as well of other courts, upon motions to vacate them, may be easily reconciled, and whatever may be the discretionary power of the courts over such judgments, we have been unable to find either in the text-books or in any well considered case authority for the proposition, that a judgment, based upon proper pleadings, fairly rendered, upon formal adjudication of the merits of a controversy is, upon motion

made after final adjournment of the court at which it was rendered, still subject to be reopened for review by such court. The mischievous consequences which would result from the allowance of such a doctrine could not be estimated; there would be no limit to litigation ; every final judgment might be called in question every time there happened to be a change in the *personnel* of the court, and so the rights of parties could never be settled.

That a judgment upon a general demurrer for want of a cause of action is a judgment upon the merits and may be set up as such upon a plea of *res adjudicata,* has been decided by this court; and this being such a judgment, and it being acquiesced in by the losing party until after the adjournment of the court at which it was rendered, the motion to vacate it was too late, and it must be adjudged conclusive between the parties. The judgment of the court, therefore, setting it aside and reinstating the case because of an error of law committed by the presiding judge upon the trial, was erroneous; and such judgment must be reversed, and it is so ordered.

*Judgment reversed.*