CLEMENTS *et al.*, adm'rs, *v.* EMPIRE LUMBER Co. *et al.*

1. Where, in the administration by a court of equity of the assets of an insolvent corporation having numerous creditors whose claims had been referred to and reported upon by a master, the court, in its decree rendered thereon, fixed the rights of a particular creditor, both as to the amount of his claim and the priority of its lien relatively to other creditors, and no exception to this portion of the decree was taken by any party to the case, although the decree in other respects may have been subsequently modified by the judgment of the Supreme Court, it was not thereafter within the power of the trial court, without notice to this creditor, to so amend the decree as to change the priority of his lien by subordinating it to the liens of those others over which it had originally been given a preference ; and a motion to set aside such an amendment, filed at the next term after that at which it was made, was in time and should not have been dismissed on demurrer.

2. In such case it was within the power of the court to render a final decree fixing and allowing the compensation of the receiver, counsel fees and other charges and expenses of administration; every party to the entire case was bound to take notice of this action of the court; and it was too late, at any term subsequent to that at which such action was taken, to except thereto or move to set it aside for mere error.

June 10, 1895.

Motion.   Before Judge HUNT.   Dodge superior court. September term, 1894.

J. E. WOOTEN, for plaintiff in error.

DeLACY & BISHOP *et al., contra.*

LUMPKIN, Justice.

McArthur filed in the trial court a motion to set aside an amendment to a decree which had been entered in "The Empire Lumber Company case." His motion was dismissed on demurrer, and he sued out a bill of exceptions to this court. While it was pending here, he died, and his administrators were made parties in his stead.

This is another offshoot of the involved and complicated litigation which arose over the affairs of the Empire Lumber Company, several cases relating to which

are reported in 91 *Ga.*, pp. 624 to 659.   It appears from the record now before us, that the master allowed the lien of McArthur for a stated amount, to which finding exceptions were filed by the Empire Lumber Company, but they were afterwards abandoned and dismissed by the court upon the hearing.   No exception was taken to this action.   Liens claimed by Lasseter and other parties were allowed by the superior court, and its judgment in so doing has never been excepted to nor reversed.   In the decree fixing the rights of the parties above mentioned, the lien of McArthur was given a priority over those of the other persons mentioned.   This same decree, which covered a multitude of matters, was in some respects modified by the judgment of this court; but in so far as it established the rights of McArthur relatively to Lasseter and the other creditors referred to, it has in no wise been changed.   We therefore think that McArthur was fully authorized to assume that the court had finally and definitely settled the priority of his claim over these other creditors, and that he was not bound to follow up and take notice of future proceedings in the case in order to prevent an amendment of the decree which would give to his claim a lower rank.   Accordingly, when, upon the return of the *remittitur* in the other cases from this court, the trial judge, without notice to McArthur, amended the decree by changing the priority of his lien and subordinating it to the liens of Lasseter and the other creditors over which it had originally been given a preference, as stated, this action was, as to McArthur, unauthorized, and it was his right to correct the error thus committed against him, by filing a motion to set aside the amendment by which his lien had thus been deprived of its priority. As he had no hearing upon the propriety of ordering such amendment at the term at which it was made, his motion was in time at the next term, and should not have been dismissed on demurrer.

There were, however, in the main case, various other matters of which it was the duty of the judge to dispose, as to which he had the power to render a final decree, and in which every party to the entire case was necessarily interested. The matters now referred to are those relating to fixing and allowing compensation to the receiver, counsel fees, and other charges and expenses of administration. All the parties must have known that as to these things it would be incumbent upon the court to take appropriate action before the final disposition of the case; and they were therefore bound to take notice of what the court did with reference to the same, and present their objections to any action thereon which they conceived to be unlawful or detrimental to their rights in the premises. This being so, it was too late, at any term subsequent to that at which such action was taken by the court, to except thereto or to move to set it aside for mere error.

Our conclusion, therefore, is, that so much of McArthur's motion as alleged error in changing, as above stated, the priority of his lien, was meritorious, and as to this matter his motion was filed in due time; but as to so much of his motion as sought to undo the court's decree in fixing and allowing the final charges and expenses of administration, his motion was too late. The general rule, that exceptions to the decision of a court for mere error cannot be taken at a subsequent term, is stated by this court in *E. T., V. & G. Ry. Co.* v. *Greene,* 95 *Ga.* 35. It is, however, recognized in that case that there may be exceptions to this rule, when fraud, mistake, irregularity, providential hindrance, or other like cause has intervened. The present case affords an illustration both of the rule and of the exception. McArthur had his day in court as to the allowance of the claims referred to in the second head-note, because he was bound to take notice till the end of the case as to

what was done in these matters; and as he let the term pass at which the action of which he complains as erroneous was taken, he could not except thereto at a subsequent term. As to the action of the court with respect to the matter indicated in the first head-note, we think there was an irregularity in setting aside the priority of McArthur's lien without notice to him, and for this reason that branch of his motion came within one of the exceptions to the rule above stated.

*Judgment reversed.*