### 8952. McINTYRE *v.* HABERSHAM BANK.

JENKINS, J. Under the facts and procedure as here presented, it was not error to vacate the previous judgment of the court and reinstate the case on the docket for trial. Civil Code (1910), § 5958. *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818); *Turner* v. *Jordan*, 67 *Ga.* 604; *East Tenn. Railway Co.* v. *Greene*, 95 *Ga.* 35, 37, (22 S. E. 36); *Gillespie* v. *Farkas*, 19 *Ga. App.* 158 (91 S. E. 244).

　　　　*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
　　　　　　DECIDED MARCH 13, 1918.

Motion to set aside judgment, etc.; from Wilkes superior court —Judge Walker. May 8, 1917.

At the August term, 1916, of Wilkes superior court a verdict and judgment were rendered in favor of the defendant in a proceeding to foreclose a chattel mortgage, to which an affidavit of illegality had been interposed; and at the next term of the court the plaintiff—the Habersham Bank, of Clarkesville—filed a motion to set aside the verdict and judgment and reinstate the case; alleging, that a few days before the August term an agreement to continue the case until the November term was made between the attorneys of record in the case, viz., I. H. Sutton for the plaintiff and J. T. Sisk for the defendant; Sisk promising to notify the clerk of the court as to this agreement; that nevertheless the defendant appeared at the August term and had the verdict and

judgment entered in his favor; and that neither the plaintiff nor its attorney knew of it until the day when this motion was filed, when the plaintiff appeared in court ready to try the case. The defendant answered that although he employed Sisk to draw the affidavit of illegality filed by him, that was the end of Sisk's connection with the case; that J. M. Pitner was to represent him in the trial and did so represent him; that he did not consent to a continuance of the case, and Sisk had no authority to continue it. On the hearing of the motion Sutton, the plaintiff's attorney, testified to the alleged agreement, and that Sisk later informed him that he (Sisk) "had written to the court, advising of this agreement; but that Judge B. F. Walker, to whom the letter was addressed, did not preside at the August term, his place being filled by Judge J. B. Park, and the agreement was not brought to the attention of the judge presiding, for the reason that Judge Walker did not receive the letter in time to do so;" that he (plaintiff's attorney) did not appear at the August term of the court, and that J. T. Sisk "appeared on the docket of said court and upon the counter-affidavit as being the attorney of record of said defendant." Sisk testified to the same facts, and that when he prepared the counter-affidavit for the defendant he told the defendant to "carry the papers to Washington, Georgia, and consult a lawyer there so that the case might be properly docketed and notice given when the trial would be had." The defendant testified, that he paid Sisk for preparing the counter-affidavit and Sisk told him to carry the paper to Washington, file it with the sheriff, and "employ him a lawyer to look after the matter;" that Sisk "was not to represent him further, and had no connection with the matter except to prepare the counter-affidavit, for which he was paid, and it was understood that he was to employ counsel in Washington to defend the matter, which he did; and, having no notice or knowledge that . . Sisk was undertaking to further represent him in the matter, and never having employed him so to do, the attorney whom he employed, upon the call of the case, took a verdict and judgment in favor of defendant." After hearing this testimony Judge Walker passed an order setting aside the verdict and judgment and reinstating the case; to which the defendant excepted.

*J. M. Pitner, George M. DuBose,* for plaintiff in error, cited: Civil Code (1910), §§ 6221, 6278, 6280, 5965; *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656-7.

*C. E. Sutton,* contra, cited: Civil Code (1910), §§ 4964, 4955, 6278; *Hughes* v. *Coursey,* 46 *Ga.* 116; *East Tenn. &c. Ry. Co.* v. *Greene,* 95 *Ga.* 37; *McWilliams* v. *Standard &c. Co.,* 92 *Ga.* 438-9.