## 40629. UNION LIFE INSURANCE COMPANY v. AARONSON.

PANNELL, Judge. 1. The motion in the present case denominated a motion to set aside the judgment and verdict and to grant a new trial complaining that the trial court erred in directing a verdict in a trover action for the amount of "damages" on June 10, 1963, and alleging that neither the defendant nor his counsel learned of the verdict and judgment until September 3, 1963, when the fi. fa. was levied, is in effect a motion for a new trial. *Georgia R. &c. Co. v. Hamer*, 1 Ga. App. 673 (58 SE 54); *Wrenn v. Allen*, 180 Ga. 613 (180 SE 104).

2. A motion for a new trial made after the time permitted by *Code* § 70-301, as amended (Ga. L. 1953, pp. 440, 445; 1957, pp. 224, 235), may not be entertained unless some good reason be shown why the motion was not made within the time required, which reason shall be judged of by the court. *Code* § 70-303.

3. An amendment, unobjected to, was filed to the motion in the present case alleging as ground 5 of the motion that several days before the sounding of the case for trial on June 10, 1963, counsel for the defendant requested counsel for the plaintiff to remove the case from the trial docket in order that they might discuss the question of settlement, and counsel for plaintiff agreed to such continuance to a later term of court, and counsel for the defendant, in reliance upon said agreement, did not notify the defendant to be and appear at said term of court and did not, himself, appear; that in the absence of defendant and his counsel, plaintiff proceeded to introduce evidence and took a verdict and judgment against the defendant on June 10, 1963, and that on at least three occasions after the verdict and judgment was rendered against the defendant, at least one of which occasions was within the 30 days succeeding the taking of the verdict and judg-

ment, counsel for the defendant conversed with counsel for the plaintiff to the effect that counsel for the defendant had not yet had an opportunity to consult with his client as to settlement; that on none of these occasions did the counsel for the plaintiff indicate or suggest that he had already taken a verdict and judgment against the defendant; on the contrary, on each of these occasions counsel for the plaintiff expressed himself as agreeable to discussions of settlement; that defendant did not know of the verdict and judgment until a levy was made upon his property on September 3, 1963. At a hearing had on the motion the trial court entered an order reciting that "after hearing evidence in said matter" the motion is sustained and allowed and the verdict and judgment set aside and a new trial granted. The allegations of ground 5 of the amendment to the motion, if proven, constitute (a) an excuse for delay in filing so as to authorize the trial judge to entertain and hear the delayed motion, and (b) a sufficient ground to set aside the verdict and judgment, and the trial court did not err in so doing. *McIntyre v. Habersham Bank*, 22 Ga. App. 21 (95 SE 306); *Landau Bros. v. Towery*, 51 Ga. App. 113 (179 SE 647); *First Nat. Ins. Co. of America v. Thain*, 107 Ga. App. 100 (129 SE2d 381); *Booth v. Stamper*, 6 Ga. 172; *Southern R. Co. v. Planters Fertilizer Co.*, 134 Ga. 527 (68 SE 95). The order of the trial judge having recited that it was entered after hearing evidence, and the only evidence to be heard being that in support of ground 5 of the motion, and there being no brief of the evidence in the record, we must assume that the evidence was sufficient to support the allegations contained in ground 5 of the motion.

4. In view of the above rulings, it is unnecessary to decide whether the other grounds urged for setting aside the verdict and judgment and reinstating the case for trial were meritorious or not.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED MARCH 18, 1964.

*Claud R. Caldwell*, for plaintiff in error.
*Eugene M. Kerr*, contra.