42274. DANIELS v. SANDERS et al.

SUBMITTED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 30, 1966—
REHEARING DENIED OCTOBER 20, 1966.

*Wallace, Wallace & Driebe, Charles J. Driebe, Nick Lambros,* for appellant.

*C. R. Vaughn, A. R. Barksdale, James H. Weeks,* for appellees.

NICHOLS, Presiding Judge. 1. Both motions, though given different names by the defendant, were in effect extraordinary motions for new trial (see *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384 (136 SE2d 142)), and were based on the same grounds, to wit: The lack of competent counsel representing the defendant and the insufficiency of the pleadings to authorize the verdict and judgment.

"In the leading case of *Artope v. Goodall,* 53 Ga. 318, 324, it was said: 'It has often been held by this court, that if proof

goes to the jury without objection, which would show a right in the party offering it, the jury may consider it, although there are no allegations in the pleadings setting up the facts thus proved. This is put upon the ground that, if objections be made that the pleadings do not authorize the testimony, the party tendering it might amend so as to make it admissible.' *Haimon v. Moses,* 39 Ga. 708 (3) ; *Field v. Martin,* 49 Ga. 268; *Ratteree v. Chapman,* 79 Ga. 574 (2) (4 SE 684) ; *Taylor v. Taylor,* 195 Ga. 711, 721 (25 SE2d 506). It was held in those cases that the verdict and judgment cured any defect or omission in the pleading, on the ground that, had objections been made at the proper time, the pleadings could have been amended so as to cover any omitted allegations. *Code* § 110-705. See also *Fitzpatrick v. Paulding,* 131 Ga. 693 (63 SE 213) ; *Mell v. McNulty,* 185 Ga. 343, 344 (195 SE 181), and cases cited." *Barbee v. Barbee,* 201 Ga. 763, 768 (41 SE2d 126). Thus, unless the defendant was not represented by competent counsel, the verdict and judgment must be assumed to have been authorized by the evidence adduced upon the trial since no transcript of such evidence is before this court. See *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384, supra; and *Avera v. G. A. C. Finance Corp. No. 1,* 113 Ga. App. 509 (148 SE2d 662).

The sole remaining contention presented by the defendant's motions is that the attorney employed by the defendant was not an active member in good standing of the State Bar of Georgia and was therefore incompetent to represent him. In support of this contention the defendant relies upon cases exemplified by *Green v. Blankinship,* 101 Ga. App. 257 (113 SE2d 503), wherein the same trial judge who presided in the case sub judice set aside a judgment after a showing was made that counsel was mentally incompetent as the result of the infirmities of age combined with acute illness on the date of the trial.

Assuming without deciding that the failure of an otherwise qualified attorney at law to pay the dues prescribed by the State Bar of Georgia will render a client "unrepresented" when such attorney files papers in a trial court in the client's behalf, yet without a transcript of the evidence adduced on the hearing of such issue judicial notice of which attorneys have paid the

prescribed dues cannot be taken. It has often been said that courts do not take judicial notice of the regulations of administrative agencies of the state. See *Turner v. Brunswick Distributing Co.*, 95 Ga. App. 651 (98 SE2d 591); *Hubbard v. Ruff*, 97 Ga. App. 251, 256 (103 SE2d 134); *Davis v. General Gas Corp.*, 106 Ga. App. 317, 320 (126 SE2d 820). If the rules and regulations of an administrative agency of the state are not judicially recognized, a list kept by the State Bar of Georgia and which is subject to change from day to day cannot be judicially recognized. Therefore, since there is no transcript in the record as to the evidence heard by the trial court, it must be assumed that the judgment overruling the defendant's motions on this ground were supported by the evidence.

*Judgment affirmed. Hall and Deen, JJ., concur.*