## 52809. ROLLINS COMMUNICATIONS, INC. v. HENDERSON, FEW & COMPANY.

BELL, Chief Judge.

1. On April 30, 1976, the trial court struck the complaint which left defendant's counterclaim pending. The trial court did not expressly direct the entry of final judgment as to plaintiff's claim in compliance with CPA § 54 (b) (Code Ann. § 81A-154 (b)). Thus, this judgment was not an appealable judgment. *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685). On May 4, 1976, plaintiff filed a motion to reconsider its ruling of April 30, 1976. The motion was denied on May 14, 1976. But on May 19, 1976 the trial court certified its judgment of May 14, 1976 for immediate review and this court granted the application. Defendant contends that we erroneously granted the appeal in that the certificate of immediate review should have been obtained within ten days of the order of April 30, 1976. We have re-examined our grant and find that it was proper. Neither judgment was final and appealable. Either was subject to appeal under Code Ann. § 6-701 (a) 2. Plaintiff complied with the provisions of the statute as a certificate of immediate review was obtained within 10 days of the entry of the nonappealable order of May 14, 1976, and defendant made an application for review in this court within 10 days of the grant of the certificate. Code Ann. § 6-701 (a) 2. The case of *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) is not in point. The *Adamson* case only decided the question of whether a motion for reconsideration to an otherwise *appealable judgment* automatically extended the filing date of a notice of appeal under Code Ann. § 6-803.

2. Defendant served a request for production of documents on plaintiff on June 20, 1975. On August 6, 1975 plaintiff served its response. Defendant served interrogatories on plaintiff on September 18, 1975. A motion was made by defendant on November 21, 1975 to compel plaintiff to answer the interrogatories as well as to compel the production for inspection of certain items

previously requested in the notice to produce. Answers to the interrogatories were served on defendant on December 11, 1975. On April 21, 1976, the defendant amended its motion to compel by moving that the court strike the complaint of plaintiff on the ground that plaintiff had wilfully neglected to respond to defendant's discovery. The trial court granted the motion. This was error. At the time the motion for the sanction of dismissal of the complaint was filed, plaintiff had responded to the request for production and had answered defendant's interrogatories. The authority to apply sanctions under CPA § 37 (d) (Code Ann. § 81A-137 (d)) for a complete failure to respond to the notice to produce and for failure to answer interrogatories is lost once a response has been filed and the interrogatories answered. *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.*, 129 Ga. App. 384 (199 SE2d 632).

*Judgment reversed. Clark and Stolz, JJ., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 5, 1976 — REHEARING DENIED NOVEMBER 19, 1976 — ▮▮▮▮▮▮▮

*Arnall, Golden & Gregory, Earnest H. DeLong, Jr., Cleburne E. Gregory, Jr., Charles L. Gregory,* for appellant.

*Horton & Crim, Candler Crim, Jr.,* for appellee.