## 61428. BURGESS et al. v. JONES.

McMURRAY, Presiding Judge.

A default judgment was rendered in favor of Randolph M. Jones, Sr., against Kenneth E. Burgess in the amount of $2,645.64 principal, and $396.85 as attorney fees, which was granted on May 16, 1977.

On June 1, 1978, a summons of garnishment was issued naming Randolph M. Jones, Sr., as plaintiff, and Jerrico Realty Co., as garnishee, the same served on Jerry Lindsey, as agent, with reference to the indebtedness by the defendant Kenneth E. Burgess, seeking the sum of $2,955.99. The garnishee answered, admitting an indebtedness of $187.50.

On May 16, 1980, an additional summons of garnishment was issued based upon the original affidavit of the garnishment, seeking the sum of $3,384.95, which was served June 10, 1980. Whereupon the garnishee, Jerry Lindsey, d/b/a Jerrico Realty, answered that at the time of service he had in his possession no property of the defendant. The garnishee further answered that there was a debt accruing from

the garnishee to the defendant in the amount of $735; that is, the defendant's gross earnings of that amount for the period beginning June 10, 1980, which was deducted from an indebtedness owed by defendant to the garnishee in the amount of $1,661.30. The answer contained a "Certificate of Service" certifying a copy of the answer had been served upon the plaintiff by mailing the same "[t]his 25 day of June July, 1980" (as both dates were written thereon, but the date it was filed was July 25, 1980).

On July 31, 1980, the plaintiff traversed the garnishee's answer contending same was not true and was legally insufficient.

On August 6, 1980, the garnishee amended the answer, seeking reasonable attorney fees in filing the defense and the handling of the traverse.

On October 3, 1980, the matter came on for hearing before the trial court. On October 8, 1980, the court issued a finding of fact as to the judgment of $2,645.65 principal and $396.85 attorney fees, setting forth the substance of the above facts and testimony by the garnishee as to the indebtedness and the deduction of the $735 the defendant owed the garnishee, the court making a finding of fact that the garnishee was indebted to the defendant in the sum of $735 from June 10, 1980, until the 25th day of July 1980, "the date of the answer by the Garnishee." Further, from the testimony of the garnishee, the court found the garnishee was indebted to the defendant in the amount of $918.75 on June 10, 1980, which was the date of service of the summons of garnishment. The record discloses that a check in this amount was issued dated "6/9/80," by Jerrico Realty payable to "Ken Burgess," and the check cancelled on June 10, 1980, bearing the endorsement "Ken Burgess."

The court then determined as a finding of fact after consideration of "verbal testimony as well as written testimony" that the defendant was not indebted to the garnishee on the date of the filing of the answer. The court also found that "[n]o evidence or other proof was offered as to when Mr. Burgess became indebted to Mr. Lindsey on the amount now claimed, other than from the Exhibit identified as P-2." This exhibit is shown as a bookkeeping sheet without dates as to entries showing balance due $1,677.78, paid $735 and due $942.78. The court then concluded as a matter of law that the summons was properly issued and served; the traverse was properly filed and that the garnishee failed to properly answer the summons inasmuch as it has not delivered the amounts due the defendant into court; and ordered that the plaintiff "do have and recover of Garnishee, Jerry Lindsey, d/b/a Jerrico Realty, the sum of $1,693.75." The defendant and the garnishee appeal, stating that *a transcript would not be filed* for inclusion in the record. *Held:*

1. Without a transcript we have no way of ascertaining whether the court's findings of fact and conclusions of law are incorrect. However, we are bound by the findings of fact and conclusions of law set forth above. Consequently, the findings by the court that the garnishee owed the defendant $735 from the period of June 10, 1980, until July 25, 1980, the date of the answer and had paid the defendant the sum of $918.75 on June 10, 1980, the date of service of the summons of garnishment authorize the finding that the garnishee had in his possession these sums "at the time of service of [the] summons of garnishment . . . and all debts accruing from the garnishee to the defendant from the date of service to the date of the garnishee's answer shall be subject to process of garnishment . . ." Code Ann. § 46-301 (Ga. L. 1976, pp. 1608, 1613; 1977, pp. 159, 164, again amended Ga. L. 1980, pp. 1769 - 1771, effective April 9, 1980). Therefore, the court was authorized to find in favor of the plaintiff against the garnishee as shown by the court order the sum ·of $1,653.75. We have no way of determining the adequacy of the evidence to dispute the above facts in the absence of a transcript. See *Daniels v. Sanders,* 114 Ga. App. 495 (151 SE2d 820); *Satterfield v. Satterfield,* 236 Ga. 155 (1) (223 SE2d 136); *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882); *Little v. Paco Collection Services, Inc.,* 156 Ga. App. 175, 176 (1) (274 SE2d 147).

2. However, the trial court awarded the sum of $1,693.75, together with legal interest thereon from July 25, 1980. This principal amount is apparently an arithmetical error when considering the findings of fact and conclusions of law of the trial court finding only $1,653.75 ($918.75 plus $735) as due. Therefore, the judgment of $1,693.75 principal is in excess, by $40, of the total of the two sums found by the trial court as due. Consequently, the judgment in favor of plaintiff is affirmed on condition that the trial court correct the principal amount in the judgment.

3. In view of the above, we decline to grant the motions to dismiss and for assessment of damages.

*Judgment affirmed on condition. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 17, 1981.

*O. Wayne Spence,* for appellants.
*Jerry Sanders,* for appellee.