A90A0951. AETNA CASUALTY & SURETY COMPANY et al. v.
CANTRELL.
(399 SE2d 237)

CARLEY, Chief Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellee-plaintiff filed suit against appellant-defendants, alleging the existence of a fraudulent conspiracy to deny her no-fault benefits and seeking a recovery pursuant to the Georgia RICO Act. See OCGA § 16-14-6. After appellants answered and cross-motions for summary judgment had been denied, appellee sought class action certification as to "all persons who have been wrongfully denied personal injury protection benefits as a result of [appellants' alleged] conspiracy. . . ." Class action certification was granted but, some months later, a motion for reconsideration was filed and denied. The trial court's denial of the motion for reconsideration was certified for immediate review and the instant appeal results from the grant of an application for an interlocutory appeal from that order.

1. Appellee has moved to dismiss this appeal. However, the denial of the motion for reconsideration was an interlocutory order which was certified for immediate review by the trial court and, in compliance with OCGA § 5-6-34 (b), an application for an interlocutory appeal from that order was both sought from and granted by this court. Accordingly, we clearly have jurisdiction over the instant appeal. *Rollins Communications v. Henderson, Few & Co.,* 140 Ga. App. 504 (1) (231 SE2d 412) (1976).

There is likewise no jurisdictional impediment to our consideration of the merits of appellants' enumeration of error which challenges the trial court's original grant of class action certification. There is a significant difference between initial appellate jurisdiction *over* an appeal and subsequent appellate authority to address the merits of an issue which is otherwise properly raised *in* an appeal.

Since we clearly have jurisdiction *over* the instant interlocutory appeal pursuant to OCGA § 5-6-34 (b), we are not merely authorized but are, in fact, compelled to address the trial court's original grant of class action certification which has been properly raised by appellants as an issue *in* this appeal. "Where an appeal is taken under . . . subsection (b) . . . of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere." OCGA § 5-6-34 (d).

It follows that appellee's motion to dismiss the instant interlocutory appeal must be and is hereby denied.

2. As noted, appellee asserted the existence of a fraudulent conspiracy to deny no-fault benefits to herself and to that class comprised of other insureds whose claims for no-fault benefits had been denied after submission to appellants. The trial court found that the members of this class had potentially viable causes of action evincing "a mutuality and similarity of law, facts and relief [to that] being sought in this litigation." It is appellants' contention that the trial court erred in granting class action certification because the common issues of law and fact which might otherwise exist do not predominate over those individual questions of law and fact upon which any recovery by each specific member of the class ultimately would depend. See generally *Georgia Investment Co. v. Norman*, 229 Ga. 160 (190 SE2d 48) (1972).

The existence of an alleged fraudulent scheme involving the wide-spread distribution of the identical "printed misrepresentation" to a group of individuals will authorize initiation of a class action on behalf of those recipients who were collectively misled thereby. See *Stevens v. Thomas*, 257 Ga. 645, 650 (2) (361 SE2d 800) (1987) (discussing class action certification in the case of an allegedly fraudulent scheme involving "printed misrepresentations in brochures, prospectuses, and other forms of advertisement"). However, appellee does not allege the existence of such a fraudulent scheme. The only common factor shared by the numerous members of the instant class is that each individual ultimately received a written notification of the denial of no-fault benefits after having submitted a specific claim for the payment of those benefits. Thus, the factual and legal focus must of necessity be upon the specific claim for no-fault benefits that each individual member of the class submitted rather than upon any common fraudulent misrepresentation that was made to each of them by appellants. "Assuming that there are other persons [than appellee]

who [were denied no-fault benefits], their [recovery for the denial of those benefits] must be assessed on an individual basis [to determine whether their claims for benefits were compensable and were accompanied by reasonable proofs of loss], as must the amount of their [recoverable penalties and attorney's fees under OCGA § 33-34-6] in the event any of them can establish a cause of action against [appellants]. A class action is particularly inappropriate under such circumstances." *Williams v. Cox Enterprises*, 159 Ga. App. 333, 336 (5) (283 SE2d 367) (1981). A class action is not authorized where the "issue presented must be resolved on a 'contract-by-contract basis,' [cit.], and ' "(w)here the resolution of individual questions plays such an integral part in the determination of liability. . . ." [Cit.]' [Cit.]" *West v. Southern Guar. Ins. Co.*, 194 Ga. App. 412, 414 (2) (390 SE2d 619) (1990). See also *Winfrey v. Southwest Community Hosp.*, 184 Ga. App. 383 (1) (361 SE2d 522) (1987).

"Although cognizant of the benefits of judicial economy and although reluctant to increase the burdens upon the plaintiff who seeks to litigate an action based upon an allegation of a fraudulent scheme, we find that the action here does not have the commonality of law and fact which would make it an appropriate case for class action treatment under [the Supreme Court's] holding in *[Georgia] Investment Co. v. Norman*, supra. Accordingly, we reverse the trial court's certification of this matter as a class action." *Stevens v. Thomas*, supra at 650 (2). See also *Tanner v. Brasher*, 254 Ga. 41, 44 (2) (326 SE2d 218) (1985).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED NOVEMBER 21, 1990 —

*Bondurant, Mixson & Elmore, H. Lamar Mixson, Michael A. Sullivan, Arrington & Hollowell, Marvin S. Arrington, W. Ray Persons, Crim & Bassler, Harry W. Bassler*, for appellants.
*Robert A. Falanga, Jesse E. Barrow III*, for appellee.

