A92A0658. HIGHTOWER v. KRYSTAL COMPANY.

(420 SE2d 762)

CARLEY, Presiding Judge.

Appellant-plaintiff initiated this tort action and, on July 2, 1990, service of process was made on appellee-defendant's registered agent. The case went into default, however, and the issue of damages was eventually tried before a jury without an appearance by appellee. On October 31, 1990, judgment was entered on the jury's verdict as to appellant's damages. On March 13, 1991, appellee filed a motion to set aside the judgment or, in the alternative, for new trial. The basis

for the motion was that appellee had been unaware that the suit had gone into default. After a hearing, the trial court granted appellee a new trial as to damages only. Appellant's motion for reconsideration was denied, but the trial court certified its order for immediate review. Appellant's application to this court for interlocutory appeal was granted and a timely notice of appeal was filed. See *Aetna Cas. & Surety Co. v. Cantrell,* 197 Ga. App. 672 (1) (399 SE2d 237) (1990).

Appellee never filed an answer to appellant's properly served complaint. Compare *Union Life Ins. Co. v. Aaronson,* 109 Ga. App. 384 (3) (136 SE2d 142) (1964). This failure to file an answer was attributable to appellee's agents. A party who is in default for his failure to file a responsive pleading after proper service is deemed to have waived his right to all further notice, including notice of the time and place of trial. OCGA § 9-11-5 (a); *Green v. Snellings,* 260 Ga. 751, 752 (2) (400 SE2d 2) (1991). Accordingly, the failure to appear at trial to contest the issue of appellant's damages is likewise attributable to the failure of appellee's agents to file a timely answer. "The entry of default judgment being attributable entirely to [appellee's] own . . . agent[s], the binding effect of that judgment cannot now be avoided. [Cit.]" *Miller v. U. S. Shelter Corp. of Del.,* 179 Ga. App. 469, 473 (3) (347 SE2d 251) (1986). Compare *Union Life Ins. Co. v. Aaronson,* supra.

"The mere fact that counsel and his [client] had no [actual] knowledge that [suit had been filed or that] the case was on the calendar and set for trial is not in itself sufficient to support the grant of a new trial. The application, although addressed to the sound legal discretion of the trial judge ([OCGA § 5-5-25]) must be supported by a showing of some meritorious explanation of the absence, as well as a meritorious defense. [Cits.]" *Southern Arizona School for Boys v. Morris,* 123 Ga. App. 67, 68 (179 SE2d 548) (1970). In the instant case, appellee's "extraordinary motion for a new trial . . . wholly [failed] to set forth any facts constituting providential cause. Neither [was] it shown . . . that [appellee had any] meritorious defense to [appellant's] claim [as to the extent of her injuries]. Under these circumstances the trial judge abused [its] discretion in granting [appellee's] extraordinary motion for a new trial." *Brawner v. Wilkins,* 114 Ga. App. 263, 264 (3) (150 SE2d 721) (1966).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 7, 1992 —

*Paul C. Parker & Associates, William S. Sarandis,* for appellant.
*Cashin, Morton & Mullins, A. L. Mullins, Jr., D. Todd Markle,*

for appellee.

