S94A0298. MAYOR & ALDERMEN OF
THE CITY OF SAVANNAH v. NORMAN J. BASS
CONSTRUCTION COMPANY.
(441 SE2d 63)

SEARS-COLLINS, Justice.

The appellee, Norman J. Bass Construction Company (hereinafter "Bass Construction"), brought this action against the appellant, the City of Savannah, to recover payment due it as a subcontractor on a city public works project. Bass Construction sought to recover under OCGA § 36-82-102, on the ground that the City failed to obtain a bond "in the manner and form required" by § 36-82-102.[1] The City moved to dismiss Bass Construction's action, contending that Bass Construction was a nonresident contractor; that it had not registered with the State Revenue Commissioner as required by OCGA § 48-13-31, nor executed and filed with the Revenue Commissioner the bond required by § 48-13-32; and that therefore Bass Construction was not "entitled to maintain an action to recover payment for performance on the contract in the courts of this state." OCGA § 48-13-37.[2] In response to the motion, Bass Construction contended that § 48-13-37 only prohibited actions to recover on a contract and was thus inapplicable to this action under § 36-82-102 to recover for the City's failure to obtain a proper bond, and that it was not a nonresident contractor.

The trial court denied the City's motion to dismiss, ruling that Bass Construction's action was not an action to recover on a contract and was not barred by § 48-13-37. The City moved the court to reconsider the denial. The trial court denied the motion to reconsider. Within ten days, the trial court certified that order for immediate review, and within ten days of that certification, the City filed an application for interlocutory appeal in the Court of Appeals. OCGA § 5-6-

---

[1] Under § 36-82-102, if the City took a payment bond that was not "in the manner and form" required by § 36-82-102, then the City is "liable to all subcontractors . . . for any loss resulting to them from such failure." Whether the payment bond in this case was "in the manner and form" required by § 36-82-102 is not at issue in this appeal. See *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645 (437 SE2d 327) (1993).

[2] Section 48-13-37 provides that

[n]o [nonresident] contractor who fails to register with the [State Revenue] [C]ommissioner as required by this article or who fails to comply with any provision of this article shall be entitled to maintain an action to recover payment for performance on the contract in the courts of this state.

34 (b). The Court of Appeals dismissed the City's application for interlocutory appeal on the ground that the filing of a motion for reconsideration did not extend the time for obtaining a certificate of immediate review of the denial of the motion to dismiss.

We granted certiorari and the City's application for interlocutory appeal to consider two issues: whether an order denying a motion for reconsideration can be the subject of an application for appeal under § 5-6-34 (b); and whether a nonresident contractor who does not register or obtain a bond can seek recovery for a municipality's failure to obtain a bond.

1. As for the procedural issue, we hold that an order denying a motion for reconsideration is an interlocutory order that, just as any other interlocutory order, can be the subject of an application for interlocutory appeal if a certificate of immediate review is obtained from the trial court. *Rollins Communications v. Henderson, Few &c.*, 140 Ga. App. 504 (1) (231 SE2d 412) (1976). This rule, first established in *Rollins*, has been followed by the Court of Appeals in a number of cases. See *Aetna Cas. &c. Co. v. Cantrell*, 197 Ga. App. 672 (1) (399 SE2d 237) (1990); *Hightower v. Krystal Co.*, 204 Ga. App. 823, 824 (420 SE2d 762) (1992); *Clos v. Pugia*, 204 Ga. App. 843 (420 SE2d 774) (1992). Any dicta to the contrary in *Brooks v. Carson*, 194 Ga. App. 365, 366 (1) (390 SE2d 859) (1990), is overruled.[3]

2. Next, we address whether Bass Construction's action was subject to dismissal under § 48-13-37. Contrary to Bass Construction's contention, § 48-13-37 does not preclude only a contract action by the nonresident contractor to recover payment for performance under the contract. Instead, § 48-13-37 precludes any action in which the relief sought is the recovery of payment for performance under the contract. See *Clover Cable v. Heywood*, 260 Ga. 341 (392 SE2d 855) (1990). In *Clover Cable*, the subcontractor brought not only a contract claim to recover for performance under its contract but also a tort claim. Id. at 342. We held that the subcontractor's tort claims were barred by § 48-13-37 because "in asserting [these] claims, [the subcontractor] seeks 'to recover payment for performance on the contract,' within the meaning of OCGA § 48-13-37." *Clover Cable* at 345

---

[3] This case does not involve the issue whether a motion for reconsideration extends the time for filing a notice of appeal from a directly appealable judgment or order. See OCGA § 5-6-38 (a); *Holiday v. State*, 258 Ga. 393, 394 (2) (369 SE2d 241) (1988); *Austin v. Carter*, 248 Ga. 775 (1) (285 SE2d 542) (1982). Moreover, although *Adamson v. Adamson*, 226 Ga. 719 (177 SE2d 241) (1970), might appear to be on point with this case, close inspection reveals that it is not. *Adamson* "only decided the question of whether a motion for reconsideration to an otherwise appealable judgment automatically extended the filing date of a notice of appeal under [then] Code Ann. § 6-803 [now § 5-6-38]." *Rollins*, supra, 140 Ga. App. at 504. Note that when *Adamson* was decided the interlocutory order denying summary judgment in that case was subject to direct appeal because the trial court had certified it for immediate review. See Ga. L. 1968, pp. 1072, 1073.

(8). By its action against the City under § 36-82-102, Bass Construction seeks to recover payment due it for work it has performed under its subcontract. The action thus "seeks to 'recover payment for performance on the contract' within the meaning of OCGA § 48-13-37." *Clover Cable* at 345. That Bass Construction bases the City's liability for the payment upon the City's alleged failure to obtain a proper bond is irrelevant for purposes of § 48-13-37.

For these reasons, we reverse the trial court's ruling that § 48-13-37 did not apply to Bass Construction's action against the City. On remand, the trial court will be free to address Bass Construction's contention that it was not a nonresident contractor. See *ADC Constr. Co. v. Hall*, 191 Ga. App. 33 (381 SE2d 76) (1989).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 14, 1994.

*Wiseman, Blackburn & Futrell, James B. Blackburn,* for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson,* for appellee.