# Court of Appeals
# of the State of Georgia

ATLANTA,  June 11, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2088. JAMES RUSSELL SANDERS v. THE STATE.

Charged with homicide by vehicle and other crimes following an auto accident, James Russell Sanders filed a motion to suppress his medical records, including the results of a urinalysis performed at the hospital following the accident. The trial court apparently denied Sanders's motion from the bench in October 2018, but no order was entered at that time.[1] Thereafter, Sanders filed a motion for reconsideration, which was denied on May 1, 2019. Sanders obtained a certificate of immediate review on May 2, 2019, and filed a notice of appeal on May 6, 2019. We, however, lack jurisdiction.

An order denying a motion to suppress is not a final appealable decision within the meaning of OCGA § 5-6-34 (a). Moreover, the denial of a motion for reconsideration is not itself directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985); see also *Mayor & Aldermen of City of Savannah v. Norman J. Bass Const. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) (holding that an order denying a motion for reconsideration "can be the subject of an application for interlocutory appeal"). Accordingly, Sanders was required to follow the interlocutory appeal procedure outlined in OCGA § 5-6-34 (b) by obtaining a certificate of immediate review from the trial court within ten days of entry of the order he seeks to appeal and filing a timely application for interlocutory review in this Court. See OCGA § 5-6-34 (b); Court of

---

[1] An oral order is not appealable unless it is reduced to writing, signed by the judge, and filed with the clerk. See OCGA § 5-6-31; *Rocha v. State*, 287 Ga. App. 446, 447 (1) (a) (651 SE2d 781) (2007).

Appeals Rule 30. Although Sanders  obtained a certificate of immediate review, his failure to apply for and obtain an order permitting interlocutory review deprives this Court of jurisdiction.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,* __06/11/2019__
          *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*