# Court of Appeals
# of the State of Georgia

ATLANTA, February 09, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0222. DAN BAR ENASHA f/k/a DAN BOGDAN v. MARIA BOGDAN.**

In this divorce action, the trial court entered an order requiring Dan Bar Enasha to pay Maria Bogdan temporary alimony. Enasha filed a motion to set aside or, in the alternative, reconsider the court's temporary order, arguing that the court had been biased against him. On December 18, 2023, the trial court denied Enasha's motion to set aside. Enasha then filed this application for discretionary appeal. We lack jurisdiction for two reasons.

First, because the divorce action is still pending below, the trial court's December 18 order denying Enasha's motion to set aside or reconsider the temporary alimony order is not a final order. See *Bailey v. Bailey*, 266 Ga. 832, 832 (471 SE2d 213) (1996) (holding that an order awarding temporary alimony is interlocutory); *Mayor & Aldermen of the City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) (holding that an order denying a motion for reconsideration is an interlocutory order). For this reason, in order to appeal the December 18 order, Enasha was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review. See OCGA § 5-6-34 (b); *Bailey*, 266 Ga. at 833 ("The discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)."); accord *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Second, even if Enasha had been entitled to file a discretionary application from the December 18 order, a discretionary application must be filed within 30 days of

entry of the order sought to be appealed. See OCGA § 5-6-35 (d). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Enasha filed this application for discretionary appeal on January 19, 2024, 32 days after the trial court's December 18 order, making it untimely.

For these reasons, we lack jurisdiction to consider this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__02/09/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.