# Court of Appeals
# of the State of Georgia

ATLANTA,  April 25, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1264. AISHA MORRIN v. B.E.E.P. GLOBAL, LLC.

In this tort action, Aisha Morrin sued Dwight Hall, B.E.E.P. Global, LLC ("BG"), and ADT LLC of Delaware. BG and ADT filed motions to dismiss the claims against them. In July 2022, the trial court entered an order granting ADT's motion in its entirety and granting BG's motion in part. Morrin filed a motion for reconsideration of the July 2022 order, and later filed a motion for partial summary judgment on BG's liability on the remaining claims. The court held a hearing on both of Morrin's motions. On February 16, 2024, the trial court entered a written order granting Morrin's motion for partial summary judgment. Morrin then filed this direct appeal. We lack jurisdiction for at least two reasons.

First, Morrin purports to appeal from the trial court's February 16, 2024 order denying her motion for reconsideration of the court's rulings on BG's and ADT's motions to dismiss.[1] No such written order, however, appears in the record transmitted to this Court. Although the February 16, 2024 hearing transcript indicates the court's intention to deny Morrin's motion for reconsideration, the court's oral ruling does not constitute an appealable order such as is required to invoke this

---

[1] Although Morrin's notice of appeal characterizes the order at issue as the "February 16, 2024 [o]rder denying [her] motion for reconsideration of the granting [of] summary judgment to Defendants [BG] and ADT," the record shows that Morrin moved for reconsideration of the trial court's July 2022 order on BG's and ADT's motions to dismiss. It does not appear that she is appealing the order granting her motion for partial summary judgment, on which she prevailed.

Court's appellate jurisdiction. See OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article."); *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) ("an oral order is [neither] final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk").

Second, even assuming the existence of a written order, the denial of a motion for reconsideration is not itself a judgment subject to direct appeal. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). While an order denying a motion for reconsideration may be appealed pursuant to the interlocutory appeal procedures — which include obtaining a certificate of immediate review from the trial court — Morrin has not complied with those procedures here. See OCGA § 5-6-34 (b); *Mayor & Aldermen of the City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994).

For these reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__04/25/2024_____

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.