# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0381. KYRON LESLIE v. EXPERIAN INFORMATION SOLUTIONS, INC.

This case began in magistrate court, which found in August 2023 that plaintiff Kyron Leslie and defendant Experian Information Solutions, Inc. ("Experian") had reached a binding settlement agreement. Leslie petitioned the state court for review of that judgment. In February 2024, the state court entered an order staying discovery. Two months later, in April 2024, the state court affirmed the magistrate court's judgment, finding that the parties' settlement agreement was valid and enforceable. In September 2024, Leslie filed a motion for reconsideration of the February and April 2024 orders, which the state court denied on April 1, 2025. This application[1] for discretionary appeal followed.[2] We lack jurisdiction.

The denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). While an order denying a motion for reconsideration may be appealed pursuant to the interlocutory appeal procedures —

---

[1] Leslie filed his application on May 1, 2025. Due to a clerical error, his application was not docketed in this Court until May 5, 2025.

[2] This is Leslie's second appearance before this Court. On February 19, 2025, we dismissed his direct appeal from the state court's order granting Experian's motion to compel Leslie's compliance with the settlement agreement and a non-party's motion to quash a subpoena because Leslie failed to follow the discretionary appeals procedure. See Case No. A25A1025.

which include obtaining a certificate of immediate review from the trial court — Leslie has not complied with those procedures here. See OCGA § 5-6-34 (b); *Mayor & Aldermen of the City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994). Accordingly, we lack jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  05/22/2025

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*