# Court of Appeals of the State of Georgia

ATLANTA, November 14, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0773. STEVEN W. BERNSTEIN v. ANGELYNN HOWE et al.

Steven W. Bernstein filed an action against Angelynn and Eric Howe, who asserted counterclaims. The trial court dismissed Bernstein's claims and conducted a bench trial on the counterclaims. By order entered in October 2019, the trial court found in favor of the Howes and awarded $152,914.61 in attorney fees and expenses of litigation as well as damages in excess of one million dollars. Bernstein appealed, and this Court affirmed. *Bernstein v. Howe et al.*, Case No. A20A1063 (Oct. 5, 2020).

In September 2025, Chris Magis Nero as "Trustee and Secured Party Creditor of Christopher Karls Sisneros Trust" filed a "Notice of Cancellation and Satisfaction of Judgment."[1] The Howes requested a hearing and filed a motion for an order directing the clerk to reject Nero's filing. The trial court set the matter for a hearing on October 8, 2025. Thereafter, Nero filed a motion for continuance. The trial court denied the motion for continuance on October 6, 2025. Bernstein and Nero then moved for reconsideration of the denial of the motion for continuance. The trial court denied the motion for reconsideration on October 7, 2025. Bernstein and Nero then filed a notice of appeal on October 8, 2025,[2] seeking to appeal the denial of the motion

---

[1] Nero claimed that Bernstein assigned, transferred, and conveyed all right, title, and interest in and to the judgment entered in this case to the Christopher Karls Sisneros Trust, with Nero acting as trustee and secured party creditor.

[2] On that same day, Bernstein and Nero filed a motion for clarification of the order denying the continuance. In addition, the trial court held the scheduled hearing,

for reconsideration. We, however, lack jurisdiction.

Pretermitting whether Nero's filings were proper, the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the trial court's October 7 order is not appealable.

While an order denying a motion for reconsideration may be appealed pursuant to the interlocutory appeal procedures — which include obtaining a certificate of immediate review from the trial court — Bernstein and Nero have not complied with those procedures here. See OCGA § 5-6-34 (b); *Mayor & Aldermen of the City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994). Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___11/14/2025_____

    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

    Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

at which neither Bernstein nor Nero appeared, and held that the judgment debts have not been satisfied and are not subject to satisfaction and cancellation of record. The trial court also found that Nero was not a proper party to the action and his filing was null and void.