### A08A2336. ROMMELMAN et al. v. HOYT et al.
(670 SE2d 808)

ELLINGTON, Judge.

Melissa Rommelman, as mother and natural guardian of Terry and Jonathan Parker, appeals from an order of the Superior Court of Floyd County granting partial summary judgment to defendants Wade C. Hoyt III and the Hoyt Firm (collectively "Hoyt") in Rommelman's suit for legal malpractice and unjust enrichment. The superior court entered judgment in Hoyt's favor on Rommelman's unjust enrichment claim to the extent she sought to recoup legal fees paid to Hoyt by his client, Laura Parker,[1] in the underlying wrongful death case. Rommelman contends that this claim was not subject to summary adjudication because material issues of fact remain for jury resolution. For the reasons set forth below, we disagree and affirm.

---

[1] Parker is also a party defendant in Rommelman's suit, and is alleged to have breached a duty to Rommelman's children.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). So viewed, the record reveals the following relevant, undisputed facts.

Laura Parker was married to James Parker when he died of a heart attack on December 5, 2004. Laura Parker, as the surviving spouse, hired Hoyt to pursue a medical malpractice claim. Parker signed a contract with Hoyt that provided that Hoyt receive a 40 percent contingency fee. Hoyt settled the case for $175,000. After taking his fee, Hoyt disbursed the remaining proceeds to Parker, instructing her that she was entitled to a third of those proceeds and the remaining two-thirds were to be divided equally between Parker's four children.

On August 27, 2007, Rommelman, the decedent's first wife and the mother of the decedent's first two children, the plaintiffs in this case, sued Hoyt and Parker, contending that her children did not receive their share of the settlement proceeds. Rommelman does not aver that Hoyt committed malpractice by settling the suit for the amount that he did, or that his fee was inappropriate. In fact, for the purposes of the lawsuit, she stated that she assumes without admitting that the settlement amount was reasonable. Rommelman contends that Hoyt committed legal malpractice because he failed to protect the interests of Rommelman's children by insuring that the settlement proceeds were properly distributed to them. She also contends that Hoyt was unjustly enriched "by receiving attorney's fees generated by settlement proceeds, which should have been paid to [Rommelman's children]."

As we have held, "the theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (Citation and punctuation omitted.) *Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994). As the superior court properly found, Hoyt was entitled to summary judgment on the unjust enrichment claim under the undisputed facts of this case because the plaintiffs here conferred no benefit upon Hoyt in the underlying medical malpractice case.

Neither Rommelman nor her children were authorized to pursue an action for the wrongful death of James Parker as that right belonged to Laura Parker, the surviving spouse. OCGA § 51-4-2;[2] *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214, 214-215 (1) (403 SE2d 806) (1991) ("[T]he statute confers exclusive standing upon the surviving spouse.") (citation omitted); *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 221 (1) (493 SE2d 622) (1997) ("[T]he surviving spouse in a wrongful death action acts both as an individual and as a representative of the deceased spouse's children and . . . the surviving spouse may settle the claim without the children concurring.") (citation omitted). Thus, neither Rommelman nor her children would have been entitled to contract with Hoyt, control the contingency fee arrangements, or participate in the settlement decisions. OCGA § 51-4-2 (c). Further, Rommelman does not contend that the settlement amount or the contingency fee arrangement were the result of malpractice or that Hoyt did not earn his fee. Rommelman argues that her children were deprived of their share of the settlement proceeds, which occurred *after* the fee was earned and deducted from the settlement. Thus, Rommelman has not identified any benefit that the plaintiffs conferred upon Hoyt in his fee. Consequently, she has not shown any right to recover any portion of Hoyt's fee under a theory of unjust enrichment. See *Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995) (unjust enrichment claim fails absent evidence that benefit was conferred). Therefore, the superior court did not err in granting partial summary judgment to Hoyt on that claim.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[2] That Code section provides, in relevant part:

(a) The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence. . . .

(c) The surviving spouse may release the alleged wrongdoer without the concurrence of the child or children or any representative thereof and without any order of court, provided that such spouse shall hold the consideration for such release subject to subsection (d) of this Code section.

(d) (1) Any amount recovered under subsection (a) of this Code section shall be equally divided, share and share alike, among the surviving spouse and the children per capita, and the descendants of children shall take per stirpes, provided that any such recovery to which a minor child is entitled and which equals less than $15,000.00 shall be held by the natural guardian of the child, who shall hold and use such money for the benefit of the child and shall be accountable for same; and any such recovery to which a minor child is entitled and which equals $15,000.00 or more shall be held by a guardian of the property of such child.

(2) Notwithstanding paragraph (1) of this subsection, the surviving spouse shall receive no less than one-third of such recovery as such spouse's share.

DECIDED NOVEMBER 10, 2008 —
RECONSIDERATION DENIED DECEMBER 1, 2008 —

*David R. Moore*, for appellants.
*Carr & Palmer, Mary Brown Turner, Emory L. Palmer*, for appellees.