## A11A1698. VRATSINAS CONSTRUCTION COMPANY v. CHITWOOD.
### (723 SE2d 740)

DILLARD, Judge.

After suffering an injury while working for a subcontractor on a construction project, Vincent Chitwood filed a civil tort action against Vratsinas Construction Company ("VCC"), the general contractor for the project. Following the denial of its motion for summary judgment, VCC appeals, arguing that the trial court erred in ruling that Chitwood's tort claims against VCC were not barred by the exclusivity provisions of the Workers' Compensation Act. For the reasons set forth infra, we reverse the trial court's denial of VCC's motion for summary judgment.

At the outset, we note that "[s]ummary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[1] In addition, "[a] de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable

---

[1] *Ellis v. Ingle*, 306 Ga. App. 674, 675 (703 SE2d 104) (2010); *see* OCGA § 9-11-56 (c).

conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

So viewed, the evidence shows that in April 2008, VCC was acting as the principal and general contractor on a construction project that entailed building an expansion on to the Augusta Mall. VCC contracted with Poe's Heating and Air Conditioning to install the heating and air conditioning systems on the project, and Poe's, in turn, hired Chitwood to help with installing the systems. At around noon on April 11, 2008, Chitwood was working at the mall construction site and attempting to charge some of his power tools when he suffered an electric shock, which resulted in severe burns to his arm, chest and face. Chitwood immediately drove himself to the hospital and remained there for several days to receive treatment. After he was released, Chitwood informed Poe's that he had been injured on the job.

Nevertheless, Chitwood did not submit a claim for workers' compensation benefits to either Poe's or VCC. Instead, he filed a civil action against VCC, alleging, inter alia, that the general contractor's negligent failure to maintain a safe construction site caused him to suffer serious injuries. VCC filed a motion for summary judgment, arguing that Chitwood's tort claims against VCC were barred by the exclusivity provisions of the Workers' Compensation Act. Following a hearing on the matter, the trial court issued an order denying VCC's motion.

Thereafter, VCC successfully sought a certificate of immediate review, and it filed an application for interlocutory appeal, which this Court granted. This appeal follows.

In its sole enumeration of error, VCC contends that the trial court erred in denying its motion for summary judgment, arguing that Chitwood's tort claims against VCC are barred by the exclusive-remedy provisions of the Workers' Compensation Act. We agree, and therefore reverse the trial court's denial of summary judgment.

OCGA § 34-9-8 (a) provides that "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer."[3] Thus, "[u]nder § 34-9-8, the principal or intermediate contractor becomes the 'statutory employer' of the subcontractor's employee."[4] Additionally, OCGA § 34-9-11 (a), pro-

---

[2] *Ellis*, 306 Ga. App. at 675.

[3] *See* OCGA § 34-9-8 (a).

[4] *Warden v. Hoar Constr. Co.*, 269 Ga. 715, 716 (1) (507 SE2d 428) (1998); *see Haygood v. Home Transp. Co., Inc.*, 244 Ga. 165, 166 (259 SE2d 429) (1979) (holding that a principal contractor is the statutory employer of the employee of a subcontractor who is an independent contractor).

vides in relevant part that "[t]he rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death."[5]

Moreover, in *Wright Associates, Inc. v. Rieder*,[6] our Supreme Court held that an injured employee of a subcontractor could not maintain a tort action against the principal contractor, even when the principal contractor did not pay workers' compensation benefits.[7] In doing so, the Court reasoned that the principal contractor should receive the benefit of tort immunity under OCGA § 34-9-11 because it was liable to pay workers' compensation benefits under OCGA § 34-9-8.[8] As a result, "[w]here the workers' compensation law is applicable, it provides the employee's exclusive remedy against the employer."[9]

And here, it is undisputed that Chitwood was employed by Poe's Heating and Air Conditioning and was working on the construction project site at the time that he suffered his injury. It is also undisputed that Poe's Heating and Air Conditioning was hired by VCC to perform work as a subcontractor on the mall expansion construction project. Thus, VCC was Chitwood's statutory employer at the time of the accident. Given these circumstances, VCC was potentially liable to Chitwood for workers' compensation benefits and, consequently, is immune from tort liability.[10]

Chitwood nevertheless argues (and the trial court apparently agreed) that VCC is not immune from tort liability in this instance because Chitwood never submitted a claim for workers' compensation benefits and VCC never paid such benefits on its own initiative. Essentially, Chitwood asserts that a statutory employer's tort immunity is not triggered until workers' compensation benefits are paid by either the statutory or direct employer. This argument is wholly without merit. Indeed, "[i]t is a statutory employer's *potential* liability for workers' compensation benefits rather than actual

---

[5] *See* OCGA § 34-9-11 (a).

[6] 247 Ga. 496 (277 SE2d 41) (1981).

[7] *See id.* at 499-500 (1).

[8] *See id.*

[9] *Dutton v. Ga. Associated Gen. Contractor &c. Trust Fund*, 215 Ga. App. 607, 608 (451 SE2d 504) (1994); *see Warden*, 269 Ga. at 716 (1) (holding that "the exclusive remedy provision, provides that the employee's rights and remedies under the Workers' Compensation Act exclude all other rights of the employee due to injury, loss of service, or death except the right to bring an action against a third-party tort-feasor." (punctuation omitted)).

[10] *See Warden*, 269 Ga. at 716 (1) (holding that general contractor was statutory employer of subcontractor's employee who was killed in a work-related accident, and therefore, general contractor was immune from tort claim brought by employee's spouse); *Rieder*, 247 Ga. at 499-500 (2) (holding that general contractor, as injured employee's statutory employer, was immune from any tort claim arising from employee's work-related injury).

liability that triggers the tort immunity.''[11] And here, as noted supra, it is undisputed that VCC was Chitwood's statutory employer. The trial court therefore erred in ruling that Chitwood's tort claim was not barred by the exclusive-remedy provision of the Workers' Compensation Act. Accordingly, we reverse the trial court's denial of VCC's motion for summary judgment.

*Judgment reversed. Mikell, P. J., and Boggs, J., concur.*

DECIDED FEBRUARY 27, 2012.

*Hicks, Casey & Foster, Andrea A. Guariglia*, for appellant.
*Misner, Scott & Martin, Bobby B. Terry, James A. Rice, Jr.*, for appellee.

---

[11] *Maguire v. Dominion Dev. Corp.*, 241 Ga. App. 715, 717 (527 SE2d 575) (2000); *see Redd v. Stanfield*, 217 Ga. App. 573, 574 (2) (458 SE2d 394) (1995) (holding that statutory employer was immune from injured worker's tort claim even though there was no record that worker ever filed a workers' compensation claim because "statutory immunity from suit includes the statutory employer regardless [of] whether that statutory employer actually paid the workers' compensation benefits." (punctuation omitted)); *see also Rieder*, 247 Ga. at 500 (1) ("The quid pro quo for the statutory employer's *potential* liability is immunity from tort liability." (emphasis supplied)).