**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 4, 2016**

# In the Court of Appeals of Georgia

A16A0332. NAVY FEDERAL CREDIT UNION v. MCCREA.

DILLARD, Judge.

In this interlocutory appeal, Navy Federal Credit Union ("NFCU") seeks reversal of the trial court's denial of its motion for reconsideration of the court's earlier denial of its motion for summary judgment in its declaratory-judgment action against Pearl McCrea involving a dispute over title to land.[1] On appeal, NFCU argues

---

[1] An application for interlocutory appeal was the proper avenue for obtaining appellate review at this stage in the proceedings. *See Mayor & Aldermen of City of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) ("[A]n order denying a motion for reconsideration [of the denial of a motion to dismiss] is an interlocutory order that, just as any other interlocutory order, can be the subject of an application for interlocutory appeal if a certificate of immediate review is obtained from the trial court."); *Rollins v. Communications v. Henderson, Few & Co.*, 140 Ga. App. 504, 504 (1) (231 SE2d 412) (1976) (holding that an appellant properly sought interlocutory review of the trial court's denial of a motion for reconsideration of a prior order that was not a final, appealable judgment).

that it was entitled to summary judgment because the undisputed evidence shows that it owns the subject property and that McCrea has no interest in it. NFCU further contends that McCrea presented no evidence to support any of her counterclaims. For the reasons set forth *infra*, we reverse the trial court's denial of summary judgment to NFCU.[2]

Viewing the evidence in the light most favorable to McCrea, the nonmoving party,[3] the record shows that on January 30, 2007, McCrea purchased the subject property, which is located in Ellenwood, Georgia (the "property"), and she obtained a warranty deed from the seller. On the same day, McCrea executed a "Joint Tenancy with Survivorship Warranty Deed," conveying the property in fee simple to Gary and Vickie Fox. A few months later, in June 2007, the Foxes used the property to secure

---

[2] NFCU initially filed its appeal in the Supreme Court of Georgia, seeking to invoke that Court's jurisdiction over cases respecting title to land. But the Supreme Court transferred the appeal to this Court, explaining that the case did not fall within its title-to-land jurisdiction because, although NFCU sought to establish the validity of its title to land, it had not "filed an ejectment or other similar action that *seeks to recover possession* of the land from [McCrea]." *See, e.g.*, *Graham v. Tallent*, 235 Ga. 47, 49 (218 SE2d 799) (1975) ("[T]he case before us is not a case respecting title to land for the reason that this case is not an action of ejectment or a statutory substitute, and it seeks sale by foreclosure rather than recovery of the land.").

[3] *See, e.g.*, *Vratsinas Const. Co. v. Chitwood*, 314 Ga. App. 357, 357-58 (723 SE2d 740) (2012).

a loan from NFCU for $70,000 and executed a security deed in favor of NFCU to that effect.

In 2011, McCrea filed suit against the Foxes for, *inter alia*, breach of contract, undue influence, and fraud (the "Foxes Case"), claiming that the Foxes fraudulently induced her to purchase the property and convey it to them in exchange for promises that they would take care of her and the property. McCrea alleged that the Foxes did not fulfill their promises, and she was unaware that they secured a loan with the property. In addition to damages, McCrea requested that the property be returned to her free and clear of any liens or encumbrances incurred by the Foxes. On April 25, 2011, McCrea also filed a notice of lis pendens regarding her dispute with the Foxes over the property. And although the Foxes Case had not yet been resolved, on January 25, 2012, McCrea executed a quitclaim deed purporting to transfer title to the property to Ellen Wood. Eventually, in August 2012, the Foxes Case proceeded to a jury trial, and the jury found in favor of McCrea, awarding her $88,300 in damages. The trial court then issued an order, affirming the jury's verdict and awarding McCrea a total of $88,575 in damages, interest, and costs.

Thereafter, on December 4, 2012, NFCU, which was not a party to the Foxes Case, sold the property in a foreclosure sale because the Foxes defaulted on their

3

loan. Then, on June 26, 2013, NFCU filed this action against McCrea to quiet title to the property and to set aside her lis-pendens notice. McCrea filed an answer, asserting several affirmative defenses, as well as counterclaims for intentional infliction of emotional distress, unjust enrichment, and stubborn litigiousness. NFCU next filed an amended complaint, removing its quiet-title claim and adding a claim for declaratory relief. On December 3, 2013, McCrea filed a motion for summary judgment, and after responding to the motion, NFCU filed a second amended complaint, seeking only a declaratory judgment that it owns the property unencumbered by any claim of interest made by McCrea. In her response, McCrea added an additional counterclaim for the foreclosure sale to be declared void and set aside.

Subsequently, NFCU filed a competing motion for summary judgment, arguing that the outcome of the Foxes Case had no bearing on its ownership of the property and that McCrea's counterclaims, which were all derivative of her claimed interest in the property, lacked evidentiary support. Ultimately, the trial court denied summary judgment to both parties, noting only that there were "genuine issues of material fact, including, but not limited to, any notice that [NFCU] may have had of the particular legal encumbrances on [the] property." The order, however, did not mention

McCrea's counterclaims. NFCU then filed a motion for reconsideration, which the court also denied. Thereafter, we granted NFCU's application for an interlocutory appeal, and this appeal follows.

At the outset, we note that summary judgment is proper when "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[4] Additionally, a *de novo* standard of review applies to an appeal from a grant or denial of summary judgment, and we "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[5] With these guiding principles in mind, we turn now to NFCU's specific claims of error.

1. NFCU first argues that the trial court erred in denying its motion for summary judgment as to its request for declaratory relief because the undisputed evidence establishes that it owns the property free and clear of any claimed interest by McCrea. We agree.

In the case *sub judice*, McCrea, who has not filed an appellate brief, essentially argued to the trial court that the warranty deed she executed, transferring the property

[4] *Id.* at 357 (punctuation omitted).

[5] *Id.* at 357-58 (punctuation omitted).

to the Foxes, was "declared void" in the Foxes Case, and, as a result, they had no interest in the property to convey to NFCU in the security deed. Moreover, she contended below that NFCU was not a bona fide purchaser of the property because it had notice of the Foxes Case and yet chose not to intervene. However, there is no evidence in the record to support these assertions. As previously noted, the trial court found that there was a genuine issue of material fact regarding whether NFCU had notice of any legal encumbrances on the property. But the only "legal encumbrance" ever identified by McCrea of which NFCU could have been notified was the pendency and outcome of the Foxes Case, and contrary to her claims, the final judgment in that case had no bearing on the validity of any deeds relevant to this case.

In support of her motion for summary judgment, McCrea submitted the trial court's initial judgment in the Foxes Case, which merely awarded damages to McCrea on her breach-of-contract and tort claims against the Foxes. However, on April 15, 2014, during the pendency of this case, the trial court in the Foxes Case modified its initial judgment to declare that the warranty deed in dispute was void.[6] Thereafter,

---

[6] We note that the modified order itself was never presented to the trial court, and the parties presented no other evidence referencing the modification or suggesting that the warranty deed to the Foxes was ever "declared void" until NFCU filed its motion for reconsideration.

NFCU filed a motion to intervene in the Foxes Case and set aside the modified judgment. Then, on December 15, 2014, one day before summary judgment was denied in this case, the trial court in the Foxes Case granted NFCU's motion to intervene, vacated the modified order, and reinstated its initial judgment. In doing so, the trial court in the Foxes Case noted that, by declaring the warranty deed void, the modified judgment made a substantial and impermissible change to the jury's verdict, which only awarded monetary damages to McCrea. And in support of its motion for reconsideration of the denial of summary judgment in this case, NFCU submitted the final judgment by the trial court in the Foxes Case to establish that the warranty deed transferring the property to the Foxes was not declared void by that court.

Here, the entire basis for McCrea's claimed interest in the property stems from the outcome of the Foxes Case, but she presented no evidence to show that she ever regained any interest in the property after she conveyed it to the Foxes as a result of that lawsuit or otherwise. Instead, the undisputed evidence referenced *supra* establishes that, although McCrea was awarded monetary damages in her action against the Foxes, the court ultimately did *not* declare her transfer of the property to

the Foxes void because such a judgment was unauthorized by the jury's verdict.[7] And, of course, it is well settled that summary judgment cannot be avoided based on "speculation or conjecture; once the pleadings are pierced with actual evidence, the [nonmovant] must point to admissible evidence showing a genuine issue of fact."[8] Here, McCrea simply failed to present any such evidence.[9]

Finally, to the extent that the trial court's cursory summary-judgment order suggests that there was a genuine issue of material fact as to whether McCrea's lis-

---

[7] *See Erdmier v. Eunice*, 143 Ga. App. 505, 507 (3) (239 SE2d 192) (1977) (holding that the trial court was unauthorized to add interest to the jury's award of damages absent direction to do so in the verdict); *Fried v. Fried*, 208 Ga. 861, 861 (3) (69 SE2d 862) (1952) ("After the dispersal of the jury[,] the judge has no power either to add to or take from their findings, and has not the power, by amendment or reformation, to supply substantial omissions or make substantial changes in the verdict as rendered by the jury."), *reversed on other grounds by Massengale v. Massengale*, 209 Ga. 154 (71 SE2d 211) (1952); *see also* OCGA § 9-12-9 ("Judgment and execution shall conform to the verdict.").

[8] *Cowart v. Widener,* 287 Ga. 622, 633 (3) (c) (697 SE2d 779) (2010); *accord McManus v. Taylor*, 326 Ga. App. 477, 485 (4) (756 SE2d 709) (2014).

[9] We note that NFCU also contends that, even if McCrea retained any interest in the property after she conveyed it to the Foxes, she transferred that interest to someone else via a quitclaim deed during the pendency of the Foxes Case, and, as a result, she lacks standing to dispute its claim for declaratory relief or to assert her counterclaim for setting aside the foreclosure sale. While this may have been an alternative basis upon which the trial court could have granted summary judgment to NFCU, we need not address it separately because NFCU was also entitled to summary judgment for the reasons set forth herein.

8

pendens notice informed NFCU that there was a "legal encumbrance" on the property, we note that the doctrine of lis pendens, which has been codified in OCGA § 44-14-610 *et seq*, merely "impute[s] to all third parties constructive notice of the litigation and of the claims against property being asserted in the pleadings and [binds] third parties to the outcome of the litigation."[10] And here, even assuming that NFCU had either actual or constructive knowledge of McCrea's claims regarding the property in the Foxes Case, the outcome of that case did not ultimately create a legal encumbrance on the property impacting any of the deeds executed in this case. Thus, McCrea's lis-pendens notice ultimately had no negative binding effect on NFCU's ownership of the property. For these reasons, the trial court erred by denying summary judgment to NFCU as to its claim for declaratory relief.

2. In four separate enumerations of error, NFCU also argues that the trial court erred in denying its motion for summary judgment on McCrea's counterclaims because they lacked any evidentiary support. Again, we agree.

---

[10] *Vance v. Lomas Mortg. USA, Inc.*, 263 Ga. 33, 35 (1) (426 SE2d 873) (1993), *accord Boca Petroco, Inc. v. Petroleum Realty II, LLC*, 285 Ga. 487, 488 (678 SE2d 330) (2009); *see Baxter v. Bayview Loan Servicing, LLC*, 301 Ga. App. 577, 584 (1) (b) (688 SE2d 363) (2009) ("One who purchases the property with notice of the lis pendens . . . is then bound to the outcome of the pending litigation, even though they were not otherwise a party to it.").

As previously mentioned, McCrea asserted counterclaims against NFCU for intentional infliction of emotional distress, unjust enrichment, stubborn litigiousness, and setting aside the foreclosure sale. And all of McCrea's counterclaims, except her claim for unjust enrichment, hinged on her contention that the warranty deed she executed transferring the property to the Foxes had been declared void. However, as discussed in Division 1 *supra*, this claim was belied by the record. Moreover, as to her unjust-enrichment claim, she alleged only that NFCU made a profit in the foreclosure sale. Needless to say, even if that were true, it does not give *McCrea*, who was not a party to that sale, a cause of action for unjust enrichment against NFCU.[11]

For all of the foregoing reasons, we reverse the trial court's denial of NFCU's motion for reconsideration of the court's summary-judgment order and instruct the court to enter judgment in favor of NFCU as to its claim for declaratory relief and all of McCrea's counterclaims.

*Judgment reversed. Phipps, P. J., and Peterson, J., concur.*

---

[11] *See Tuvim v. United Jewish Communities, Inc*., 285 Ga. 632, 635 (2) (680 SE2d 827) (2009) ("Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit *by the party contending an unjust enrichment* which the benefitted party equitably ought to return or compensate for." (punctuation omitted) (emphasis supplied)); *Rommelman v. Hoyt*, 295 Ga. App. 19, 20 (670 SE2d 808) (2008) (same); *Engram v. Engram*, 265 Ga. 804, 807 (2) (463 SE2d 12) (1995) (same).