**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 24, 2024**

# In the Court of Appeals of Georgia

A24A0514. LEE v. DEUTSCHE BANK NATIONAL TRUST COMPANY.

MCFADDEN, Presiding Judge.

After Deutsche Bank National Trust Company ("the bank" or "Deutsche Bank") took steps to foreclose on real property subject to a deed to secure debt, the property's owner, Ruthie Lee, brought this action. She alleged that she had not signed the deed in question and asserted claims for quiet title, declaratory judgment, and fraud. Deutsche Bank answered, asserted counterclaims including a claim for declaratory judgment, and subsequently moved for summary judgment on both Lee's claims and the bank's counterclaims. The trial court granted summary judgment to the bank on all of Lee's claims, granted summary judgment to the bank on its counterclaim for declaratory judgment, and denied as moot the motion for summary

judgment on the bank's remaining counterclaims. Separately, the trial court denied Lee's motion to strike two affidavits filed by the bank in support of its summary judgment motion. Lee appeals.

Lee enumerates as error the trial court's denial of her motion to strike the affidavits, but she has not shown reversible error because she only challenges one of the two alternative and independent reasons for the trial court's ruling. So we affirm that ruling.

Lee also enumerates as error the trial court's ruling on her fraud claim, arguing that the trial court applied the wrong legal standard. We find no reversible error and affirm the grant of summary judgment to Deutsche Bank on that claim.

Finally, Lee enumerates as error the trial court's rulings on the quiet title and declaratory judgment claims and counterclaim. We agree with Lee that genuine issues of material fact exist as to whether she signed or ratified the deed to secure debt, precluding summary judgment. So we reverse the trial court's grant of summary judgment to Deutsche Bank on Lee's claims for quiet title and declaratory judgment and on the bank's counterclaim for declaratory judgment, and we remand for further proceedings consistent with this opinion.

We do not address arguments made for the first time in Lee's reply brief that exceed the scope of her enumerated errors. See *Green v. State*, 339 Ga. App. 263, 271 (3) (793 SE2d 156) (2016).

1. *Motion to strike affidavits*

Lee moved to strike two affidavits submitted by Deutsche Bank, arguing that the bank had not identified the witnesses during discovery. The trial court denied Lee's motion for two alternative and independent reasons: because the motion was untimely and because the evidence Lee submitted in support of the motion "reveal[ed] that . . . Deutsche Bank appropriately responded to [Lee's discovery] requests as worded."

Lee's argument on appeal addresses only the first of these reasons — the timeliness of her motion to strike. Because she fails to address — through argument or citation of authority — the trial court's alternative ground for denying her motion, we deem abandoned any challenge she may have to that alternative ground. See Court of Appeals Rule 25 (d) (1). Consequently, Lee has not shown reversible error.

2. *Summary judgment*

"[S]ummary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. . . . [A] de novo standard of review applies to an appeal from a grant . . . of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Navy Fed. Credit Union v. McCrea*, 337 Ga. App. 103, 105 (786 SE2d 707) (2016) (citations and punctuation omitted).

So viewed, the evidence shows that on April 2, 2004, Lee's late husband conveyed to her an interest in the property by way of a quit claim deed. Pursuant to that deed, Lee and her husband owned the property as joint tenants with rights of survivorship. When Lee's husband conveyed that interest to her, the property was encumbered by a deed to secure debt that Lee's husband purportedly executed the month before.

The record contains several subsequent deeds to secure debt, purportedly executed by Lee and her husband over the next year, which appear to pertain to the refinancing of the loan encumbering the property. The last such deed secured a loan from Ameriquest Mortgage Company. Lee testified that she was unaware of those deeds or the loans that they secured, that she did not sign the deeds, and that she did

4

not believe her husband signed them. It was Lee's understanding that the property was not encumbered.

On March 9, 2005, Lee's husband executed the deed at issue in this case: a deed to secure debt in favor of Deutsche Bank's predecessor-in-interest which secured a loan that refinanced the Ameriquest loan. That deed also lists Lee as a "borrower" and contains initials and a signature purported to be Lee's. In her deposition, Lee did not contest her husband's signature on the March 9, 2005 deed, but she testified that she did not sign it and was not aware of the deed or any encumbrance it placed on the property.

Lee filed for bankruptcy in both 2010 and 2011, at the instruction of her husband. In both proceedings, she made unsworn declarations under penalty of perjury that there was a secured claim on the property. See 28 USCA § 1746 (pertaining to unsworn declarations under penalty of perjury). Nevertheless, in her deposition Lee denied knowing about the deed to secure debt. She testified that she did not understand that the property was encumbered, that as to the bankruptcy filings she "signed whatever [her] husband was saying," that despite identifying a creditor she "wasn't aware of a mortgage," and that she "understood the house was clear."

Lee's husband passed away in 2020, and Lee continued to live in a house on the property. The loan secured by the deed to secure debt is in default.

In her complaint, Lee sought to quiet title and for a declaratory judgment that the March 9, 2005 deed to secure debt is not enforceable, and she sought to recover damages for fraud in connection with the bank's purported threat to foreclose upon the property. Deutsche Bank counterclaimed for a declaratory judgment that the deed to secure debt encumbered the property and, alternatively, for equitable subrogation, equitable lien, and unjust enrichment.

Deutsche Bank moved for summary judgment against Lee's claims and on its counterclaims. The trial court granted summary judgment to the bank on Lee's claims and on the bank's counterclaim for declaratory judgment, and held that the bank's other counterclaims were moot.

(a) *Fraud*

Lee challenges the trial court's grant of summary judgment to Deutsche Bank on her fraud claim. Her argument appears to be that the trial court misconstrued her complaint and so did not apply the correct legal standard to that claim. We are not persuaded.

In her complaint, Lee alleged that the bank's "threat[ ] to sell [her] home with actual knowledge that [her] purported signature on the . . . security deed was a forgery" constituted "intentional fraud," and she sought "damages based upon the stress and worry which she has suffered as a result of the [bank's] threats to foreclose on her home[.]" In awarding summary judgment to the bank on this claim, the trial court considered the five elements that Georgia appellate courts have held must be shown for a plaintiff to recover damages for actual fraud: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Coe v. Proskauer Rose*, 314 Ga. 519, 526-527 (2) (878 SE2d 235) (2022) (citation and punctuation omitted). The trial court held that Lee had not pointed to evidence creating a genuine issue of material fact as to either justifiable reliance or damages.

On appeal, Lee does not challenge the trial court's holding regarding the absence of a genuine issue of material fact on those two elements of a claim for actual fraud. Instead, she argues that her claim was not based on a false representation by the bank and that the trial court instead should have treated this case as one of constructive fraud. See OCGA § 23-2-51 (b) ("Constructive fraud consists of any act

7

of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another.").

It appears from the record, however, that Lee did not make any arguments to the trial court regarding constructive fraud. Moreover, even if her complaint could be construed to assert such a claim, "constructive fraud is an equitable doctrine which will not support a claim for damages such as the one . . . brought by [Lee]." *Blakey v. Victory Equip. Sales*, 259 Ga. App. 34, 39 (2) (e) (576 SE2d 288) (2002). So Lee has not shown that she is entitled to reversal on this ground.

(b) *Quiet title and declaratory judgment*

The trial court found, and we agree, that a genuine issue of material fact exists as to whether Lee signed the deed to secure debt in favor of Deutsche Bank's predecessor-in-interest. A forged deed does not convey title. *Vatacs Group v. U.S. Bank*, 292 Ga. 483, 485 (2) (738 SE2d 83) (2013). If Lee's signature was forged, then the only way the deed to secure debt could encumber her interest in the property would be if Lee had ratified that deed. See *Brock v. Yale Mtg. Corp.*, 287 Ga. 849, 854

(3) (700 SE2d 583) (2010) ("Under Georgia law, a forged signature is nonetheless binding if ratified by the person whose name is signed.").

We agree with Lee that, contrary to the trial court's holding, a genuine issue of material fact exists as to whether Lee ratified the deed to secure debt. "'A ratification may be express or implied from the acts or silence of the principal.' OCGA § 10-6-52. . . . Ratification occurs if a principal, with full knowledge of all the material facts, accepts the benefits of an unauthorized act, or retains such benefits after discovering the material facts." *Brock*, 287 Ga. at 854-855 (3) (citations and punctuation omitted). "Ratification . . . is an affirmative defense, and the burden of proving it is on the party asserting it." *Hendrix v. First Nat. Bank of Savannah*, 195 Ga. App. 510, 511 (1) (394 SE2d 134) (1990). Generally, this is a jury question. *Brock*, 287 Ga. at 854 (3).

For Deutsche Bank to be entitled to summary judgment on the theory that Lee ratified the deed to secure debt, the undisputed evidence must show that Lee had "full knowledge of all the material facts[.]" *Brock*, 287 Ga. at 855 (3); *Hendrix*, 195 Ga. App. at 511 (1). In other words, it must be undisputed that Lee knew that the deed to secure debt existed, that it purported to encumber her interest in the property, and that her name had been forged to it. And this must be actual, not constructive knowledge. See

9

*Penn Mut. Life Ins. Co. v. Blount*, 165 Ga. 193, 194 (140 SE 496) (1927) ("The unauthorized act of an agent, done in the principal's behalf, can not be ratified by the principal without *actual* knowledge of the act.") (emphasis supplied).

Lee testified that she did not know about the deed to secure debt. It does not matter whether she should have known about the deed or the underlying secured claim on account of, for example, her involvement in the bankruptcy proceedings, because her testimony disputes the unsworn declarations made in those proceedings. Our Supreme Court has held that the rule against self-contradictory testimony set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), does not apply to unsworn statements. See *CSX Transp. v. Belcher*, 276 Ga. 522, 523 (1) (579 SE2d 737) (2003). To our knowledge, no Georgia appellate decision has addressed whether a different conclusion is warranted if the unsworn statement is given under penalty of perjury. If *Prophecy* did apply to this case, even though Lee's bankruptcy declarations were unsworn, it would be for the trial court to determine in the first instance whether Lee's proffered explanation for the discrepancy — that she signed the bankruptcy filings at her husband's direction without understanding what they meant — was reasonable. See *Prophecy Corp.*, 256 Ga. at 30 (2) (whether a party

has offered a reasonable explanation for self-contradictory testimony is a question for the trial court). But neither party has argued or briefed this issue of first impression, so under these circumstances we decline to extend the *Prophecy* rule to a conflict between Lee's sworn testimony and her unsworn declarations made under penalty of perjury.

Moreover, the bank does not argue judicial estoppel based on the bankruptcy proceedings — a theory that the trial court rejected below — as a ground for affirming the grant of summary judgment as right for any reason.

Because there is a genuine issue of material fact as to Lee's knowledge of the allegedly forged deed, Deutsche Bank is not entitled to summary judgment — either against Lee's claims for quiet title and declaratory judgment or on the bank's counterclaim for declaratory judgment — on a theory of ratification. So we reverse the trial court's grant of summary judgment to Deutsche Bank on those claims.

As the trial court observed in his order, the bank made additional arguments in support of summary judgment on the quiet title and declaratory judgment claims that the trial court did not address. The bank also asserted alternative counterclaims that the trial court held to be moot given his grant of summary judgment to the bank on its

counterclaim for declaratory judgment. On remand, the trial court may take further action consistent with this opinion, which could include a consideration of the merits of these other arguments and counterclaims.

*Judgment affirmed in part and reversed in part, and case remanded. Mercier, C. J., and Rickman, J., concur.*